```
                IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF PUERTO RICO


MARTA VELÁZQUEZ-TORRUELLA,

          Plaintiff

             v.
                                        CIVIL NO. 08-1485 (JP)
DEPARTMENT OF EDUCATION OF THE
COMMONWEALTH OF PUERTO RICO, et
al.,

          Defendants
```

### OPINION AND ORDER

Before the Court is a motion to dismiss Plaintiff's amended complaint (**No. 36**) filed by Defendants Department of Education of the Commonwealth of Puerto Rico (the "PR-DOE"), Alexis Oliveras-Santiago ("Oliveras") in his individual capacity, and Rafael Aragunde-Torres ("Aragunde") in his official capacity.[1]  Also before the Court is Plaintiff Marta Velázquez-Torruella's ("Velázquez") opposition thereto (No. 37).

Plaintiff Velázquez brought this lawsuit against Defendants for employment discrimination, alleging violations of the Americans with Disabilities Act (the "ADA"), 42 U.S.C. § 12101 *et seq.*; the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.*; and Title VII

---

1.  Defendants filed a motion to dismiss the original complaint (**No. 18**), which was opposed by Plaintiff (No. 24). Because Plaintiff subsequently filed an amended complaint and Defendants filed a motion to dismiss the amended complaint, the Court hereby **FINDS AS MOOT** Plaintiff's motion to dismiss the original complaint.

CIVIL NO. 08-1485 (JP)          -2-

of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000(e) *et. seq.* Plaintiff Velázquez also brings claims arising under Puerto Rico Law 44 (the "Mini ADA"), P.R. Laws Ann. tit. 1, section 501 *et seq.;* and Articles 1802 and 1803 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31, sections 5141 and 5142.  Defendants move the Court to dismiss the amended complaint on various grounds, including, *inter alia*, Eleventh Amendment immunity and failure to state a claim upon which relief can be granted.  For the reasons stated herein, Defendants' motion to dismiss is hereby **GRANTED**.

I.     **FACTUAL ALLEGATIONS**

Plaintiff Velázquez has been employed in the position of Teacher by Defendant PR-DOE for the past twenty-eight years.  At all times relevant to the complaint, Plaintiff occupied the position of Teacher at the Manuel González-Pato Public School ("the School") in School District I, Ponce, Puerto Rico.  Defendant Oliveras was Director of the School and Plaintiff's supervisor.

Plaintiff allegedly suffers from throat irritation, chronic hoarseness, vocal cord module, shortness of breath and non-productive cough.  These conditions were allegedly aggravated by construction, debris and environmental dust present at the School.  Plaintiff has suffered from said conditions for several years, and has been treated by the State Insurance Fund for the same.

In 2002, upon orders from her doctor, Plaintiff Velázquez applied for special accommodations within her workplace, but her

CIVIL NO. 08-1485 (JP)          -3-

application was denied by Defendants.  Plaintiff does not state the reason for the denial in 2002, if one was proffered by Defendants. For the 2003-2004 academic year, Plaintiff provided the required medical evidence to Defendants and the PR-DOE accepted her condition as a disability.  She subsequently received the following accommodations: (1) she was permitted to teach on the first floor of the School, (2) she was granted a rest period during the Title I Skills Program she was to teach, and (3) her class size was limited to twenty students.  Plaintiff received the same accommodations during the 2004-2005, 2005-2006 and 2006-2007 academic years.

In April 2007, Plaintiff submitted her medical documentation and applied for the same accommodations for the 2007-2008 academic year. Defendant Oliveras denied Plaintiff's request in part.  Although she was allowed to continue teaching on the first floor, her class size was not limited to twenty students.  Rather, there were thirty students in her classroom.  Plaintiff did not specify whether she was granted a rest period as an accommodation during the 2007-2008 academic year. Defendants indicated to Plaintiff that their decision to increase the class size was based on a policy articulated in a Circular Letter, dated February 23, 2007, issued by the PR-DOE and signed by Defendant Aragunde.  The policy contained in the Circular Letter provides for a minimum of twenty students per teacher. However, during the 2007-2008 academic year, Defendants allegedly granted an accommodation to another teacher, Lourdes Rodríguez

CIVIL NO. 08-1485 (JP)            -4-

("Rodríguez"), by granting her a class size of less than twenty students.  During the 2008-2009 academic year, the smaller class size accommodation was once again given to Rodríguez, but not to Plaintiff.

Additionally, Plaintiff claims that Defendant Oliveras allegedly told her that she did not look sick and stated that if Plaintiff was sick, she should go to see a doctor.  Oliveras also allegedly made statements that Rodríguez looked more sick than Plaintiff.  Plaintiff also claims that another teacher, Israel Sepúlveda ("Sepúlveda"), was likewise denied the accommodation of a twenty student class size by Defendants.[2]

Plaintiff alleges that, as a result of Defendants' failure to accommodate her disability, she was unable to perform her job duties due to extended State Insurance Fund absences and related emotional problems.  She also stated that she suffers mental anguish, severe anxiety, and emotional harm as a result of the discriminatory treatment she received from Defendants.  The Court cannot discern from the complaint whether Plaintiff is still employed at the School.

## II.   **LEGAL STANDARD FOR A MOTION TO DISMISS**

According to the Supreme Court, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint."  Bell Atl. Corp.

---

2.   Sepúlveda filed a separate lawsuit against Defendants.  See Civil No. 08-1188 (JP).  The Court dismissed his complaint on July 31, 2008.

CIVIL NO. 08-1485 (JP)          -5-

v. Twombly, 127 S. Ct. 1955, 1969 (2007). As such, in order to survive a motion to dismiss, a complaint must state a claim to relief that is plausible on its face, not merely conceivable. Id. at 1974. The First Circuit has interpreted Twombly as sounding the death knell for the oft-quoted language of Conley v. Gibson, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Rodríguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 94-95 (1st Cir. 2007), quoting Twombly, 127 S. Ct. at 1969. Still, a court must "treat all allegations in the Complaint as true and draw all reasonable inferences therefrom in favor of the plaintiff." Rumford Pharmacy, Inc. v. City of East Providence, 970 F.2d 996, 997 (1st Cir. 1992).

### III. **ANALYSIS**

Defendants move the Court to dismiss Plaintiff's amended complaint on the following grounds: (1) Plaintiff fails to state a claim of individual liability, (2) Plaintiff fails to state a claim under Title VII, (3) the PR-DOE and Defendant Aragunde are entitled to Eleventh Amendment immunity, (4) Plaintiff fails to state a *prima facie* claim under Title I of the ADA, (5) Plaintiff fails to state a *prima facie* claim under the Rehabilitation Act, and (6) Plaintiff's supplemental claims should be dismissed. The Court will now consider Defendants' arguments.

CIVIL NO. 08-1485 (JP)          -6-

### A.   Individual Liability

As a threshold matter, the Court will first consider Plaintiff's claims against Defendant Oliveras, which were brought against him in his personal capacity only.[3]  This Court has held that no personal liability can attach to agents and supervisors under Title VII, the ADA or the Rehabilitation Act.  Fantini v. Salem Sate College, 557 F.3d 22 (1st Cir. 2009); Castro Ortiz v. Fajardo, 133 F. Supp. 2d 143, 150-151 (D.P.R. 2000).  Accordingly, the Court finds that dismissal of Plaintiff's federal claims against Defendant Oliveras is appropriate.

### B.   Plaintiff's Title VII Claims

Next, the Court will consider Defendant's argument for dismissal of Plaintiff's Title VII claims. Plaintiff alleges that Defendants discriminated against her in violation of Title VII by enforcing the twenty-student minimum class size policy against her.  Title VII makes it unlawful for an employer to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's race, color, religion, sex, or national origin.  42 U.S.C. § 2000e-2(a)(1).  To survive a motion to dismiss, Plaintiff need only allege that she suffered an adverse employment action that was motivated by a discriminatory animus based on a protected category.  Szendry-Ramos

---

3.   Defendants argue that the claims against Defendant Aragunde should be dismissed on these grounds as well, but a close reading of the complaint reveals that Plaintiff's claims are brought against Aragunde in his official capacity only.

CIVIL NO. 08-1485 (JP)          -7-

v. First Bancorp, 512 F. Supp. 2d 81, 88 (D.P.R. 2007). Disability is not a protected characteristic under Title VII's plain language. See 42 U.S.C. § 2000e-2(a) (listing race, color, religion, sex, and national origin as the statute's protected classes); see also Torres Alamo v. Puerto Rico, 502 F. 3d 20, 24 (1st Cir. 2007).

In the complaint, Plaintiff does not claim that Defendants discriminated against her because of race, color, religion, sex, or national origin. She does not even plead the Title VII claim for relief separately from the ADA claim. Plaintiff alleges that Rodríguez, another female teacher, was granted the accommodation that was denied to Plaintiff. Plaintiff admits that a third teacher, a male, was also denied the accommodation. These allegations alone do not establish discrimination. In fact, they suggest just the opposite: Plaintiff was treated in the same manner as a male teacher, even though another female teacher was granted an accommodation. These allegations do not demonstrate that Defendants' alleged discriminatory treatment was based on sex or any other protected category under Title VII. Thus, Plaintiff's Title VII claim will be dismissed with prejudice.

### C. **Eleventh Amendment Immunity**

Defendants argue that the complaint against them should be dismissed because they are protected by Eleventh Amendment immunity. The Eleventh Amendment bars a suit brought in federal courts against states, unless the state being sued waives its immunity or consents

CIVIL NO. 08-1485 (JP)          -8-

to be sued. U.S. CONST. amend. XI. Puerto Rico is considered a state for Eleventh Amendment purposes. Metcalf & Eddy v. Puerto Rico Aqueduct & Sewer Auth., 991 F.2d 935, 939 (1st Cir. 1993). Absent waiver, neither a state nor agencies acting under its control may be subject to suit in federal court. Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 142 (1993).

The United States Court of Appeals for the First Circuit has assumed that the PR-DOE is an arm of the state for sovereign immunity purposes. Díaz-Fonseca v. Puerto Rico, 451 F.3d 13, 34 (1st Cir. 2006). However, this Court has clearly held that the PR-DOE does not have Eleventh Amendment immunity against Plaintiff's Rehabilitation Act claims, because it waived such immunity by accepting federal funds. 42 U.S.C. § 2000d-7(a)(1); see Díaz-Fonseca, 451 F.3d at 33 (citing Nieves-Márquez v. Puerto Rico, 353 F.3d 108, 128 (1st Cir. 2003)). The First Circuit has also held that sovereign immunity is not available to the PR-DOE in cases brought under Title II of the ADA. Badillo-Santiago v. Naveira-Merly, 378 F.3d 1, 6 (1st Cir. 2004); see also Ramírez-Zayas v. Puerto Rico, 225 F.R.D. 396, 397 (D.P.R. 2005).

On the other hand, this Court has unequivocally stated that the Commonwealth of Puerto Rico is immune from claims under Title I of the ADA. Torres-Alamo v. Puerto Rico, 502 F.3d 20, 25 (1st Cir. 2007) (citing Board of Trustees of the Univ. of Ala. v. Garrett, 531 U.S. 356 (2001)). Accordingly, Plaintiff's claims

CIVIL NO. 08-1485 (JP)          -9-

against the PR-DOE brought under Title I of the ADA will be dismissed by a separate judgment.

The lawsuit against Defendant Aragunde in his official capacity is tantamount to an action directly against the state. See Acevedo-Orama v. Rodríguez-Rivera, 389 F. Supp. 2d 238, 245 (D.P.R. 2005). However, state officials acting in their official capacity are not protected from claims for injunctive relief by the immunity afforded by the Eleventh Amendment, since said immunity only shields said officials against claims seeking monetary relief. Nieves-Márquez v. Puerto Rico, 353 F.3d 108, 123 (1st Cir. 2003) (citing Ex parte Young, 209 U.S. 123, 155-156 (1908)); see also Redondo-Borges v. United States HUD, 421 F.3d 1 (1st Cir. 2005) (holding that Eleventh Amendment immunity does not bar prospective injunctive relief against official capacity defendants). Accordingly, the Court will dismiss the claims for monetary damages against Defendant Aragunde that were brought pursuant to Title I of the ADA.

### D. **Plaintiff's ADA Claims**

Plaintiff Velázquez argues that Defendants' implementation of the minimum class size policy violates the ADA because the policy requires all teachers to teach at least twenty students, regardless of the teacher's disability status. The ADA prohibits employers and public entities from discriminating against disabled individuals

CIVIL NO. 08-1485 (JP)          -10-

because of their disability.  See Bd. of Tr. of the Univ. of Ala. v. Garrett, 531 U.S. 356, 360-61 (2001).  Specifically, the ADA

> [F]orbids discrimination against persons with disabilities in three major areas of public life: employment, which is covered by Title I of the statute; public services programs, and activities, which are the subject of Title II; and public accommodations, which are covered by Title III.

Id. at 372.

### 1.   *Title I of the ADA*

The Court must now consider Plaintiff's claims for injunctive relief brought against Defendant Aragunde in his official capacity pursuant to Title I of the ADA.  Under Title I of the ADA, "[n]o covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges."  42 U.S.C. § 12111(a).  For purposes of the ADA, discrimination includes the failure to make a "reasonable accommodation" for the disability of an otherwise qualified individual, unless the accommodation "would impose an undue hardship" on the employer.  42 U.S.C. § 12112(b)(5)(A).  Plaintiff alleges that Defendants refused to accommodate her disability by enforcing the PR-DOE's policy of requiring a twenty-student minimum in each classroom.

CIVIL NO. 08-1485 (JP)           -11-

To survive Defendants' motion to dismiss, Plaintiff Velázquez must allege facts that establish a *prima facie* case of disability discrimination under the ADA.  <u>Vicenty-Martell v. Estado Libre Asociado de Puerto Rico</u>, 48 F. Supp. 2d 81, 87 (D.P.R. 1999) (analyzing, in the context of a motion to dismiss, whether plaintiff alleged a *prima facie* case of disability discrimination under the ADA).  For failure-to-accommodate claims, the elements of a *prima facie* case are the following: (1) the plaintiff suffered from a disability as defined by the statute; (2) the plaintiff was qualified to perform the essential functions of the job, with or without reasonable accommodation; and (3) the employer, knowing of the plaintiff's disability, refused to make reasonable accommodations. <u>Estades-Negroni v. Assoc. Corp. of N. Am.</u>, 377 F.3d 58, 63 (1st Cir. 2004).

In their motion to dismiss, Defendants do not dispute that Plaintiff was disabled under the statute.  Rather, they focus their argument on the second element, claiming that Plaintiff failed to allege that she was able to perform the essential functions of her job, with or without a reasonable accommodation.  Plaintiff pleads in her amended complaint that she is "a well-qualified teacher, with or without the accommodation requested." Am. Compl. ¶ 9.  Although the Court agrees with Defendants that Plaintiff's complaint is sparse regarding details on what the essential duties of Plaintiff's

CIVIL NO. 08-1485 (JP)          -12-

position are, the Court finds that Plaintiff has met the basic pleading requirements as to this element.

The third element of the *prima facie* case requires a plaintiff to show that a defendant failed to make reasonable accommodations for her disability. A reasonable accommodation is one that is at least facially feasible for the employer, and would allow the disabled employee to perform the essential functions of his position. Freadman v. Metro. Prop. and Cas. Ins. Co., 484 F.3d 91, 102 (1st Cir. 2007); Reed v. LePage Bakeries, Inc., 244 F.3d 254, 259 (1st Cir. 2001). Even if an accommodation is facially feasible, the employer is required to adopt the accommodation only to the extent necessary to enable the employee to perform his job. Mohammadian v. Ciba Vision of Puerto Rico, Inc., 378 F. Supp. 2d 25, 30 (D.P.R. 2005); Alamo-Rodríguez v. Pfizer Pharm., Inc., 286 F. Supp. 2d 144, 162 (D.P.R. 2003). Thus, an employer need not adopt every accommodation sought by the employee. Mohammadian, 378 F. Supp. 2d at 30; Alamo-Rodríguez, 286 F. Supp. 2d at 162.

Plaintiff Velázquez has alleged sufficient facts to show that the accommodation that she requested - namely, exemption from the twenty-student minimum class size policy - is at least facially feasible because another teacher at the School was given a similar accommodation. However, Plaintiff has failed to show how such an accommodation would allow her to perform the necessary functions of her job. Specifically, Plaintiff has not explained why the

CIVIL NO. 08-1485 (JP)           -13-

difference between twenty and thirty students in her classroom impacts her ability to teach, in light of her respiratory disability. Given that Plaintiff has not informed the Court of the age of her students, the subjects she is teaching, or the limitations caused by her disability, it is not obvious to the Court why a difference of ten students would impact Plaintiff's ability to perform her job functions.

The fact that Plaintiff Velázquez performed her job in the past with the accommodation of the reduced class size, by itself, does not explain how the accommodation is necessary for her to fulfill the essential functions of her position. See Orta-Castro v. Merck, Sharp & Dohme Quimica Puerto Rico, Inc., 447 F.3d 105, 113 (1st Cir. 2006) (finding that it is not apparent how relocation of the plaintiff's office from the first to the second floor would accommodate her depression); Grillasca-Pietri v. Portorican Amer. Broad. Co., 233 F. Supp. 2d 258, 264 (D.P.R. 2002) (holding that the statement "probably with some plain rest, plaintiff could have continued working as an accountant at WPABC" was insufficient to establish how the accommodation would allow the plaintiff to perform his job). This is especially true where Plaintiff had received several accommodations in past years, making it difficult to determine which - if any - was necessary to allow Plaintiff to fulfill her duties. Finally, for the 2007-2008 and 2008-2009 academic years, Defendants

CIVIL NO. 08-1485 (JP)          -14-

accommodated Plaintiff's condition by allowing her to continue to teach on the first floor.[4]

Plaintiff has not provided the Court with any information regarding how the difference between twenty and thirty students in the classroom enables her to perform the essential functions of her job.  Likewise, Plaintiff has not even pled whether she still enjoys a rest period.  Plaintiff has not alleged any facts in her complaint that push her allegations over the line from conceivable to plausible.  Twombly, 127 S. Ct. at 1974.  Even taking the facts in the light most favorable to Plaintiff, the Court finds that Plaintiff has failed to meet her *prima facie* pleading requirements of a Title I of the ADA case.  The Court will enter judgment dismissing Plaintiff's Title I ADA claims accordingly.

### 2.   *Title II of the ADA*

Title II prevents a qualified disabled individual from being excluded from or denied the benefits of "services, programs, or activities of a public entity" or from being discriminated against by such entity.  42 U.S.C. § 12132.  In her complaint, Plaintiff does not specify whether she brings her claims under Title I or Title II of the ADA.  It is clear from reading the complaint that Plaintiff's

---

4.   The Court reiterates that it is unclear whether Plaintiff was still allowed a rest period during the 2007-2008 and 2008-2009 academic years, as she was in prior academic years.

CIVIL NO. 08-1485 (JP)          -15-

claims derive from an alleged lack of reasonable accommodation in her employment, seemingly implicating only Title I of the ADA.[5]

However, there is disagreement among the courts as to whether claims of disability discrimination by public employers can be brought under Title II, in addition to Title I, of the ADA. See Currie v. Group Ins. Comm'n, 290 F.3d 1, 6 (1st Cir. 2002) (recognizing, but not resolving, disagreement among the courts as to whether employment discrimination suits are cognizable under Title II of the ADA). There is no question that the School is a public employer.

In Meléndez-González v. Oficina de Administración de los Tribunales, another reasonable accommodation case, this Court held that Title II does not cover claims of disability discrimination in the employment context. 218 F. Supp. 2d 227, 229 (D.P.R. 2002). This Court later reached the same conclusion in Rodríguez-Velázquez v. Autoridad Metropolitana de Autobuses, which considered the plaintiff's complaint only in the context of Title I after concluding that "the claims under ADA are based exclusively on defendant's alleged failure to grant him a reasonable accommodation in his work under Title I." 502 F. Supp. 2d 200, 206 (D.P.R. 2007). Consistent with the Court's holding in the Meléndez-González and Rodríguez-Velázquez cases, the Court here likewise finds that

---

5.   One paragraph of Plaintiff's opposition to Defendants' motion to dismiss is devoted to Title II, although Plaintiff does not explain how her claims fall under said Title.

CIVIL NO. 08-1485 (JP)           -16-

Plaintiff's claim is not cognizable under Title II of the ADA, and will dismiss said claim accordingly.

### E.    Plaintiff's Rehabilitation Act Claims

Section 504(a) of the Rehabilitation Act prohibits discrimination against disabled individuals under any program or activity that receives federal funding. 29 U.S.C. § 794(a). A violation of the Rehabilitation Act is determined by the same standards as a violation of Title I of the ADA. 29 U.S.C. § 791(g); Oliveras-Sifre v. Puerto Rico Dept. of Health, 214 F.3d 23, 25 (1st Cir. 2000) (declining to consider an employment discrimination claim separately under the Rehabilitation Act and Title I of the ADA because the same standards apply); Feliciano v. Rhode Island, 160 F.3d 780, 788 (1st Cir. 1998) (rejecting the appellant's argument that there are distinctions between the ADA and the Rehabilitation Act that give the common term "qualified individual" different meanings under the statutes). Because the Court finds no violation under Title I of the ADA, Plaintiff's claims under the Rehabilitation Act are also dismissed.

### F.    Puerto Rico Law Claims

Plaintiff Velázquez also brought this lawsuit under Puerto Rico law, alleging discrimination under the Mini ADA and infliction of emotional harm under Articles 1802 and 1803 of the Puerto Rico Civil Code. Because the Court dismisses Plaintiff's claims arising under federal law, the Court declines to exercise supplemental jurisdiction

CIVIL NO. 08-1485 (JP)           -17-

over Plaintiff's state law claims.  See Newman v. Burgin, 930 F.2d 955, 963 (1st Cir. 1991) ("[t]he power of a federal court to hear and determine state law claims in non-diversity cases depends upon the presence of at least one substantial federal claim in the lawsuit").  The Court therefore will enter judgment dismissing Plaintiff's claims under the Mini ADA and Articles 1802 and 1803 without prejudice.

### IV. **CONCLUSION**

In conclusion, the Court grants Defendants' motion to dismiss. The Court will enter a separate judgment dismissing Plaintiff's federal claims with prejudice, and Plaintiff's Puerto Rico law claims without prejudice.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 9th day of April, 2009.

                                                    s/Jaime Pieras, Jr.
                                                       JAIME PIERAS, JR.
                                        U.S. SENIOR DISTRICT JUDGE